IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RODRIQUEZ CHARLESTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 322-044 |
| | ) | |
| LAURENS COUNTY JAIL; CAPTAIN PEACOCK; and NURSE CRYSTAL, | ) ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Laurens County Detention Center in Dublin, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*). Upon screening Plaintiff's complaint on September 13, 2022, the Court determined Plaintiff's allegations did not provide sufficient detail to show he had any viable claims. (See doc. no. 14.)

Nonetheless, the Court gave Plaintiff fourteen days to file an amended complaint to address the pleading deficiencies. (Id. at 4-6.) The Court cautioned Plaintiff that failing to timely submit an amended complaint would result in a presumption by the Court he desires to have this case voluntarily dismissed and would result in a recommendation for dismissal of

this action, without prejudice.  (Id. at 6.)  The time to respond has passed, and Plaintiff has not submitted an amended complaint as required by the Court's September 13, 2022 Order.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness."  Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to file an amended complaint, or even to provide the Court with an explanation for his failure to amend his complaint, amounts not only to a failure to prosecute, but also an abandonment of his case.  This is precisely the type of neglect contemplated by the Local Rules.  The Court cautioned Plaintiff that a failure to respond would be an election to

have his case voluntarily dismissed.  Furthermore, because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

In sum, the time to respond has passed, and Plaintiff has not submitted an amended complaint as required by the Court's September 13, 2022 Order.  Therefore, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 5th day of October, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA